IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VANNI CHERRY | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PJM-15-2582 |
| WARDEN | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM OPINION

The above-captioned case was filed on September 1, 2015. Although he did not pay the filing fee nor a motion seeking its waiver, Plaintiff will not be required to correct the deficiency as the complaint must be dismissed for the reasons set forth below.

The self-represented pleading states that Plaintiff is illegally detained in the Baltimore City Detention Center because the Circuit Court for Baltimore City does not have jurisdiction over Plaintiff, a "sui juris, . . . flesh and blood living man." ECF 1 at p. 7. Plaintiff avers there has been no contract or meeting of the minds permitting his detention or jurisdiction over his person by the state court. He provides a document that ostensibly grants power of attorney to him over his own affairs. There is nothing in the 21 pages of pleadings filed that gives even the hint of a cognizable claim for federal habeas relief or a civil rights action. Rather, the content of the pleadings parrots the rhetoric often espoused by extremist groups asserting the entire government of the United States and of the individual states is without any legal authority to prosecute members for criminal offenses. Such rhetoric has been resoundingly rejected as legal gibberish by every court to consider same. "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected

summarily, however they are presented." *United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011); see *United States v. White,* 480 F. Appx. 193, 194 (4th Cir. 2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions . . . .").

      To the extent Plaintiff has a viable claim for a constitutional rights violation or for habeas relief, it is not discernible from the pleadings filed.  Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.   Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 1969.

      This court is not obliged to ferret through a Complaint, searching for viable claims. The instant Complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the court to sort out the factual basis of any claims fairly raised, making dismissal under Rule 8 appropriate. *Holsey v. Collins*, 90 F.R.D. 122 (D.Md.1981); *see also Spencer v. Hedges,* 838 F.2d 1210 (Table) (4th Cir.1988).  To comply with the rule, a plaintiff must provide enough detail to illuminate the nature of the claim and allow Defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although district courts have a duty to construe self-represented pleadings liberally, Plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985) (duty to construe liberally does

not require courts to conjure up questions never squarely presented).  Fair notice is not provided where, as here, the entire basis of the action is premised on a fictional legal theory.

This court may preliminarily review the claims in Plaintiffs' Complaint and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e) prior to service if it is satisfied that it has no factual or legal basis and it is frivolous on its face.  *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1314 (4th Cir. 1996).  As explained by the Supreme Court in *Neitzke*: "Examples of [factually baseless lawsuits] are claims describing fanciful or delusional scenarios, with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. at 328.   The instant complaint shall be dismissed as frivolous pursuant to this standard.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A separate Order follows.

                                                       /s/
                                        PETER J. MESSITTE
September 10, 2015               UNITED STATES DISTRICT JUDGE